UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TRENTON FORGING COMPANY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:17-CV-470-HSM-DCP ) |
| DESTRUCTIVE DEVICES INDUSTRIES, LLC, | ) ) ) ) |
| Defendant. | ) ) |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral Order [Doc. 20] of the District Judge.

Now before the Court is Plaintiff's Motion for Default Judgment [Doc. 19], in which it moves the Court to enter a default judgment against Defendant pursuant to Federal Rule of Civil Procedure 55(b). The Court has conducted a hearing, and the Court finds that this matter is now ripe for adjudication.

For the reasons more fully explained below, the Court **RECOMMENDS** that the Motion for Default Judgment [**Doc. 19**] be **GRANTED.** Accordingly, the Court **RECOMMENDS** that a default judgment in the amount of $78,376.80, plus post-judgment interest and costs of this action, be entered in Plaintiff's favor.

## I. BACKGROUND

The following facts are taken from the Complaint. Plaintiff manufactured and provided forged metal products to Defendant by shipping these products to Defendant's facility in Knox County, Tennessee. [Doc. 1 at ¶ 5]. Plaintiff sent Defendant fifteen (15) invoices from November

10, 2016, to December 21, 2016. [*Id.* at ¶ 6].[1] The amounts on the invoices total $78,376.80. [*Id.*]. Further, the invoices accurately reflect the amounts that are due for products that were provided by Plaintiff and received by Defendant. [*Id.* at ¶ 7]. Defendant has not paid the amounts due and owing for the materials reflected in Collective Exhibit A, and Defendant owes Plaintiff a total of $78,376.80. [*Id.* at ¶¶ 8-9].

The Complaint was filed on November 1, 2017, and states that Plaintiff and Defendant entered into a binding contract, whereby Defendant agreed to pay Plaintiff for providing metal forged products. [*Id.* at ¶ 13]. Defendant breached the contract by failing and refusing to pay the amounts reflected on the invoices. [*Id.* at ¶ 14].

## II. PROCEDURAL POSTURE

The Complaint in this matter was served [Doc. 7] on Defendant on November 20, 2017. Defendant did not respond to the Complaint within the time allowed by the Federal Rules of Civil Procedure. On January 11, 2018, the Clerk entered an Entry of Default [Doc. 9] on Defendant. On the same day, Plaintiff moved for a default judgment. [Doc. 10]. The Court issued a Show Cause Order [Doc. 12] on February 20, 2018, instructing Defendant to appear before the undersigned on March 21, 2018, to show cause why a default judgment should not be entered against it.[2]

On March 21, 2018, Attorney Bryce Fitzgerald appeared on behalf of Plaintiff. Defendant did not appear. During the hearing, the Court inquired as to Defendant's correct address, given

---

[1] Plaintiff attached these invoices to the Complaint as Collective Exhibit A. [Doc. 1-2].

[2] The Court instructed the Clerk to mail the Order to Show Cause to the addresses provided in the Complaint: 5300 South National Drive, Knoxville, Tennessee 37929-9710 and 5200 South National Drive, Knoxville, Tennessee 37929-9710. These were returned as undeliverable. [Docs. 13 and 14]. The Court, however, also instructed the Clerk to mail the Order to Show Cause to the address provided in Plaintiff's original motion: 2468 Jim Henry Road, Dandridge, Tennessee 37725. The mail sent to this address was not returned.

that the Court's Order to Show Cause was returned as undeliverable for two addresses. Plaintiff stated that it would verify Defendant's address and resubmit its motion.

On May 22, 2018, Plaintiff filed the instant Motion for Default Judgment [Doc. 19]. The instant Motion requests that default judgment be entered against Defendant. In support of the Motion for Default Judgment, Plaintiff filed Attorney Brandon Marrow's Affidavit. [Doc. 19-1]. The Affidavit states that the Verified Complaint was served on Defendant on November 20, 2017. [*Id.* at ¶ 2]. Specifically, Plaintiff served Defendant's registered agent, David B. Fillers, at the following address: 2468 Jim Henry, Dandridge, Tennessee 37725. [*Id.*]. The Affidavit states that Defendant has not responded to the lawsuit and that an entry of default has been entered. [*Id.*]. Further, the Affidavit states that Plaintiff is entitled to $78,376.80, plus interest from the date of judgment and the costs of this action. [*Id.* at ¶ 3].

On July 18, 2018, the Court issued a Show Cause Order [Doc. 21], instructing Defendant to appear before the undersigned on August 6, 2018, to show cause why a default judgment should not be entered against. [Doc. 21].[3] Subsequently, on August 1, 2018, Plaintiff filed the Declaration of Brandon Marrow. [Doc. 23]. The Declaration states that in an effort to ensure that Defendant received notice of the Order to Show Cause, Attorney Morrow sent Defendant a letter, enclosing the Order to Show Cause, via certified mail on July 18, 2018. [Doc. 23 at ¶ 7]. Plaintiff attached the letter dated July 18, 2018, and the Order to Show Cause as an exhibit to Attorney Morrow's Declaration. [Doc. 23-1]. The Declaration states that Attorney Morrow received the certified mail

---

[3] The Court instructed the Clerk to mail the Order to Show Cause to the address provided in Plaintiff's Motion: 2468 Jim Henry Road, Dandridge Tennessee 37725. The mail was not returned. In addition, the Court instructed the Clerk to mail the Order to Show Cause to 5330 South National Drive, Knoxville, Tennessee 37914, which is the address listed on the invoices and the address listed on the Tennessee Secretary of State's website. This mail was returned as undeliverable. [Doc. 22].

3

receipt [Doc. 23-2], indicating that Defendant received a copy of the letter with the enclosed Order to Show Cause on July 19, 2018. [Doc. 23 at ¶ 7].

On August 6, 2018, the Court held a show cause hearing. Attorney Brandon Morrow appeared on behalf of Plaintiff. Defendant was not present. During the hearing, Attorney Morrow explained that he received the certified mail receipt, showing that Defendant received a copy of the letter dated July 18, 2018, and the Court's Order to Show Cause. Attorney Morrow stated that Plaintiff is not seeking attorney's fees because the contract and the invoices do not provide an award for attorney's fees. Attorney Morrow continued that Plaintiff is seeking the amount reflected on the invoices and post-judgment interest. In addition, Attorney Morrow stated that Plaintiff is seeking the costs of this action, which is simply the filing fee.[4]

## III. ANALYSIS

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Following the entry of default, a party may apply for default judgment, and the Court may conduct a hearing – if needed, to perform an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter – prior to entering default judgment. Fed. R. Civ. P. 55(b). "Once the Clerk has entered a default against a defendant, the Court must treat all well-pleaded allegations in the Complaint as true." *AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013) (citing *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007) (entry of default judgment "conclusively establishes every factual predicate of a claim for relief")).

---

[4] Attorney Morrow also stated during the hearing that the original motion for default judgment [Doc. 10] is moot because Plaintiff refiled its Motion for Default Judgment [Doc. 19]. Accordingly, the District Judge denied the original motion as moot. [Doc. 24].

4

In the present matter, there is no dispute that the Clerk has entered a default in accordance with Rule 55 [Doc. 9], and that Plaintiff has moved [Doc. 19] for entry of default judgment. Taking as true the allegations in the Complaint [Doc. 1], the Court **INCORPORATES BY REFERENCE** the allegations as set forth by Plaintiff. The Court accepts all such allegations, and specifically, the Court **FINDS**, based upon entry of default, that Defendant is responsible for the entire balance due under the invoices, plus costs of this action (i.e., the filing fee) and post-judgment interest. Accordingly, the Court **RECOMMENDS** that a default judgment in the amount of $78,376.80, which represents the total amount due pursuant to the invoices [Doc. 1-2], plus the costs of this action and post-judgment interest, be entered in Plaintiff's favor.

## IV. CONCLUSION

Based upon these findings and taking all well-pleaded allegations in the Complaint as true, the undersigned **RECOMMENDS**[5] as follows:

1. The Motion for Entry of Default Judgment [**Doc. 19**] be **GRANTED**;

2. Defendant be **ADJUDGED** responsible for breaching the parties' contract; and

3. That judgment in the total amount of $78,376.80, plus post-judgment interest and costs of this action, be awarded to Plaintiff.

---

[5] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

The Clerk of Court is **DIRECTED** to send Defendant a copy of this Report and Recommendation at the address provided in Plaintiff's Motion for Default Judgment [Doc. 19].

                                                    Respectfully submitted,

                                                    */s/ Debra C. Poplin*
                                                    Debra C. Poplin
                                                    United States Magistrate Judge